**Jacqueline STEELE, Plaintiff–
Appellee,**

v.

**VOYALE CORPORATION,
Defendant–Appellant.**

No. 01–4350.

United States Court of Appeals,
Sixth Circuit.

March 1, 2004.

Kenneth J. Kowalski, Gordon J. Beggs, Cleveland–Marshall College of Law, Cleveland, OH, for Plaintiff–Appellee.

Arthur M. Kaufman, Hahn, Loeser & Parks, Cleveland, OH, for Defendant–Appellant.

Before: CLAY and GIBBONS, Circuit Judges; CLELAND, District Judge.*

CLAY, Circuit Judge.

Defendant. Voyale Corporation, appeals from the district court's order entered on December 5, 2001, reinstating the default judgment against Defendant, and awarding Plaintiff, Jacqueline Steele, damages on her employment discrimination and retaliation claims filed pursuant to Title VII of the Civil Rights Act of 1964. and her breach of employment contract claim filed pursuant to Ohio law of contract. Specifically, Plaintiff was awarded $4,739.52 in back pay damages, $1,315.06 in contract damages, $50,000.00 in compensatory damages, and attorney's fees incurred in pursing her motion for default judgment.

Defendant argues that the district court abused its discretion in finding that Defendant's vice president's misplacement of the complaint due to other, apparently more urgent, business matters did not constitute excusable neglect warranting relief from the default judgment under Federal Rule of Civil Procedure ("Rule") 60(b)(1). that Defendant received sufficient notice of the default judgment proceedings in accor-

---

* The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

dance with due process of law, and that Defendant failed to set forth a meritorious defense to Plaintiff's employment discrimination and retaliation claims.

Defendant also argues that the district court abused its discretion in excluding evidence at the damages hearing. Among other things, Defendant attempted to introduce evidence that incidents other than Plaintiff's employment termination caused Plaintiff to consume alcohol. The district court excluded such evidence on the ground of relevancy. Defendant also attempted to introduce evidence that Plaintiff's in-court description of the events that occurred on her last day of employment was different from the description she had previously given to her significant other, that Plaintiff's own conduct on her last day of employment caused her emotional distress, and that the default judgment should have been entered against J & A Services and not Defendant. The district court excluded such evidence on the ground that the evidence had a tendency to contradict the factual allegations of the complaint in violation of Rules 8(d) and 55(b). Lastly, Defendant argues that the district court's evidentiary rulings and prejudicial comments collectively denied Defendant due process of law.

Having thoroughly reviewed the record on appeal, the parties' briefs, and the applicable law, we conclude that the district court did not abuse its discretion in reinstating the default judgment against Defendant, excluding the above-mentioned evidence, and awarding Plaintiff damages and attorney's fees. We also conclude that the district court's comments do not indicate bias, and Defendant therefore was not denied due process of law. Because issuing a full opinion would serve no jurisprudential purpose. we **AFFIRM** the district court's order on the basis of the reasoning of the district court's memorandum opin-

ions entered on June 15, 2001 and December 5, 2001. respectively.